# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Edward Syc, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information associated with a cellular telephone assigned call number (816) 723-6998, subscribed to by an unknown subscriber (the "Target Cell Phone"), whose service provider is T-Mobile US, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2020. Prior to joining the FBI, I spent approximately five years as a Federal Agent with the National Nuclear Security Administration. For the last five months I have been assigned to the Counter-Terrorism Squad of the FBI - Kansas City Division. Since joining the FBI, I have assisted in numerous cases involving violent crimes against children, EBT fraud, money laundering, and transnational organized crime.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Daniel Lee Jones, Jr. has violated 18 U.S.C. § 1591(a), sex trafficking of children, and 18 U.S.C. § 1594(a), attempted sex trafficking of children. Daniel Lee Jones, Jr. was indicted on these crimes on April 30, 2021, and is the subject of an arrest warrant issued on April 30, 2021. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Daniel Lee Jones, Jr., who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## JURISDICTION

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the FBI, is conducting a criminal investigation of Daniel Lee Jones, Jr. regarding possible violations of 18 U.S.C. § 1591(a), sex trafficking of children, and 18 U.S.C. § 1594(a), attempted sex trafficking of children.

## RAYTOWN, MISSOURI, HUMAN TRAFFICKING

8. On May 14, 2020, law enforcement received information regarding Child Victim One (CV#1) being the potential victim of sex trafficking. CV#1's foster mother found explicit photos of CV#1 on her phone subsequent to finding CV#1 in a vehicle with a man, at a park. CV#1 disclosed that she had been doing this since she was 13 years old at the direction of her older sister. Daniel Lee Jones Jr., (JONES) her sister's boyfriend, then began prostituting her. CV#1 called JONES her "pimp." CV#1 stated that Jones bought her things and that she was afraid of him.

9. A cell phone search of CV#1's phone provided nude photographs of CV#1. A Facebook search warrant revealed conversations between CV#1 and JONES which showed JONES discussing prices, dates, and other topics indicative of sex trafficking. During a forensic interview, CV#1 stated JONES set up a Meet Me account through which CV#1's pictures were posted and meetings for sex with the customers were coordinated via JONES and DV#1's cell phones. JONES also recruited CV#1's friend for sex trafficking.

## GRAND JURY INDICTMENT, WESTERN DISTRICT OF MISSOURI

10. On April 30, 2021, a Grand Jury in the Western District of Missouri issued a True Bill and indicted Daniel Lee Jones Jr. on one count: violation of 18 U.S.C. § 1591(a),(b)(2), (c) and 1594(a) (Sex Trafficking of a Child). An arrest warrant was issued on April 30, 2021 for JONES based upon this indictment.

## ATTEMPTS TO LOCATE

11. Law enforcement data base checks have revealed that JONES listed multiple home addresses and has multiple work addresses in the Kansas City area, which has made it difficult for law enforcement to locate him. His last known employer, Gates' BBQ company, stated that he has

not been to work in more than two weeks and that he has not given any notice or information as to why he has not been to work.

12. Kansas City Police Detective Eric Byers was able to contact JONES once via the Target Cell Phone and spoke to him briefly about trying to setup a meeting. Jones failed to meet with Detective Byers and subsequently failed to answer any additional phone calls.

13. Law enforcement called Target Cell Phone on May 4th, 2021, in an attempt to contact JONES. The call went to voicemail where the automated system stated that the caller had reached the voicemail of Daniel Jones.

14. On May 3, 2021, the Federal Arrest Warrant issued for JONES was entered into NCIC.

15. Law enforcement officers have conducted surveillance on JONES' known residences and have been unable to locate him.

## INFORMATION ABOUT T-MOBILE

16. In my training and experience, I have learned that T-Mobile US is a company that provides cellular telephone access to the public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e.,

faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

17. Based on my training and experience, I know that T-Mobile US can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US's network or with such other reference points as may be reasonably available.

18. Based on my training and experience, I know that T-Mobile US can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile US typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable

cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court direct T-Mobile US to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile US. I also request that the Court direct T-Mobile US to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile US's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The FBI shall compensate T-Mobile US for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These

documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                                                                       Respectfully submitted,

                                                                                      *Edward Syc*
                                                                                      Edward Syc
                                                                                      Special Agent
                                                                                      Federal Bureau of Investigation

Subscribed to and sworn before me via reliable electronic means on **10th** day of May 2021.

                                                                                                      **3:32 PM, May 10, 2021**
                                                                                                      **Sworn to by telephone**

*Lajuana M. Counts*
Honorable Lajuana M. Counts
United States Magistrate Judge
Western District of Missouri



7

Case 4:21-sw-00226-LMC   Document 1-1   Filed 05/10/21   Page 7 of 7